UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

August 13, 2019

LETTER TO COUNSEL:

    RE:    *Mary S. v. Andrew M. Saul, Acting Commissioner of Social Security*[1]
            Civil No. TJS-18-1460

Dear Counsel:

On May 21, 2018, Plaintiff Mary S.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 18 & 21.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In her application for DIB, Mary S. alleged a disability onset date of September 8, 2009. (Tr. 203-06.) Her application was denied initially and on reconsideration. (Tr. 126-28, 130-38.) A hearing was held before an Administrative Law Judge ("ALJ") on February 1, 2017 (Tr. 33-61), and the ALJ found that Mary S. was not disabled under the Social Security Act (Tr. 8-26). The Appeals Council denied Mary S.'s request for review (Tr. 1-3), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Mary S.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Mary S. engaged in substantial gainful activity in 2009 and between 2013 and February 2016. (Tr. 13.) Otherwise,

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d).

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Magistrate Judge Stephanie A. Gallagher. On May 31, 2019, the case was reassigned to me.

the ALJ concluded that Mary S. had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that Mary S. suffered from the following severe impairments during the periods when she was not engaged in substantial gainful activity: degenerative disc disease, peripheral vascular disease, and osteoporosis. (Tr. 14.) At step three, the ALJ found Mary S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 14-15.) The ALJ determined that Mary S. retained the residual functional capacity ("RFC") to perform work, but that the RFC was different for the two periods during which Mary S. was not engaged in substantial gainful activity. The ALJ explained:

> [F]rom the claimant's alleged onset date to the start of her substantial gainful activity period (2013 to February 2016) the claimant had the residual functional capacity to perform light work as defined in 20 CFR 414.1567(b) except no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs, or ramps; occasional stooping, crouching, crawling, or kneeling. From the completion of her substantial gainful activity in February 2016, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except no climbing of ladders, ropes, or scaffolds; occasional climbing of stairs or ramps; occasional stooping, crouching, crawling, or kneeling.

(Tr. 15.)

At step four, relying on the testimony of a vocational expert, the ALJ determined that Mary S. was capable of performing past relevant work from the alleged onset date to 2013. (Tr. 23.) However, from February 2016 to the date of the ALJ's decision, the ALJ concluded that Mary S. was unable to perform any past relevant work. (Tr. 24.) At step five, relying on the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Mary S. can perform. (Tr. 24-25.) Therefore, the ALJ found that Mary S. was not disabled under the Social Security Act. (Tr. 26.)

Mary S. raises two arguments in this appeal. First, she argues that the ALJ improperly concluded that her obesity was non-severe and inadequately explained how her obesity and bilateral knee limitations were considered in formulating her RFC. (ECF No. 18-1 at 9-16.) Second, she argues that the RFC is not supported by substantial evidence because it conflicts with a medical opinion that the ALJ afforded significant weight. (*Id.* at 16-18.) I will discuss both of these arguments below.

Mary S. first argues that the ALJ should have found that her obesity was a severe impairment. An impairment is considered "severe" if it significantly limits the claimant's ability to do basic work activities. See 20 C.F.R. §§ 404.1522, 416.922. The claimant bears the burden of proving that an impairment is severe. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "[M]ere diagnosis says nothing about the severity of [a] condition." *Corcoran v. Astrue*, No. SKG-08-0913, 2009 WL 3100350, at *15 (D. Md. Sept. 22, 2009). According to SSR 02-1p, "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12,

2002).⁴ No specific weight or body mass index ("BMI") establishes obesity as a severe impairment. *Id.* Similarly, the "descriptive terms for levels of obesity (e.g. 'severe,' 'extreme,' or 'morbid' obesity) [do not] establish whether obesity is or is not a 'severe' impairment for disability program purposes." *Id.* ALJs are required to "do an individualized assessment of the impact of obesity on an individuals' functioning." *Id.* Obesity is a severe impairment when, alone or in combination with another impairment, it significantly limits a person's ability to do basic work activities. *Id.*

The ALJ found that Mary S.'s obesity was not a severe impairment. Although the ALJ did not specifically explain why she concluded that Mary S.'s obesity was not a severe impairment, she listed several reasons why some of her impairments (including obesity, diabetes mellitus, and hypertension) were not severe: "they did not exist for a continuous period of 12 months, were responsive to medication, did not require significant medical treatment, or did not result in any continuous exertional or non-exertional functional limitations." (Tr. 14.) Because the Court is unable to review the ALJ's reasons for not classifying Mary S.'s obesity as a severe impairment, the Court will assume that the ALJ made an error. However, any such error is harmless. Because Mary S. made the threshold showing that her other impairments were severe, the ALJ continued with the sequential evaluation process and properly considered all impairments, both severe and non-severe, that significantly impacted Mary S.'s ability to work. The ALJ discussed Mary S.'s height and weight throughout her decision. (Tr. 16-18.) It is apparent that the ALJ considered the effect of Mary S.'s obesity on its own and in combination with her other impairments (including her knee impairments) when formulating the RFC. Any step two error, therefore, does not necessitate remand.

Mary S.'s second argument is that the ALJ's RFC determination is not supported by substantial evidence because it is inconsistent with a medical opinion that the ALJ afforded significant weight. The ALJ partially recited the opinion of Dr. Kurup, a consultative examiner:

> The opinion of consultative examiner, Dr. Kurup, who opined the claimant could lift 5-10 pounds with her bilateral upper extremities, sit for extended periods of time, stand for 30-60 minutes, walk for about 30 minutes at a slow pace with the use of a can, and never run, stoop or crawl, was considered. He further opined the claimant did not have difficulty with the use of bilateral upper extremities for activities such as gripping and grasping.

(Tr. 23.)

The ALJ assigned "significant weight" to Dr. Kurup's opinion because it was "consistent with a longitudinal review of the evidence of record. (*Id.*)

Mary S. argues that the ALJ's assignment of "significant weight" to Dr. Kurup's opinion

---

⁴ Effective May 20, 2019, SSR 02-1p was rescinded and replaced by SSR 19-2p, 2019 WL 2374244 (May 20, 2019). The differences between the two Policy Interpretation Rulings are not material to the issues before the Court in this case. Because SSR 02-1p was effective when the ALJ issued her decision, the Court will cite to that ruling.

cannot be reconciled with the RFC. This is because Dr. Kurup's opinion was that Mary S. was more restricted in her functional abilities (such as stooping, crawling, and walking) than the ALJ concluded in the RFC determination. (ECF NO. 18-1 at 17.) This argument is without merit because the ALJ did not state that she adopted Dr. Kurup's opinion in full. And she was not required to do so. Dr. Kurup saw Mary S. in February 2015, which fell during a period when the ALJ found her to be engaged in substantial gainful activity. As the ALJ explained in her decision, Mary S.'s functional limitations changed over time. In formulating the RFC, the ALJ considered all of the evidence of record, including Dr. Kurup's opinion. Mary S. argues that the ALJ should have been more specific in explaining which parts of Dr. Kurup's opinion she accepted and which she rejected. A more thorough explanation might have been useful, but Mary S. cites to no authority that indicates it is required. The ALJ's decision is sufficiently clear to permit review by this Court. The Court concludes that the RFC determination is supported by substantial evidence.

For the reasons set forth herein, Mary S.'s Motion for Summary Judgment (ECF No. 18) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 21) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

    Sincerely yours,

    /s/
    Timothy J. Sullivan
    United States Magistrate Judge